**UNITED STATES COURT OF APPEALS**

**TENST CIRCUIT**

CHARLOTTE,

     Plaintiff–Appellant,

v.

KARLA J. HANSEN, State Trial Judge,

     Defendant–Appellee.

No. 11-1113
(D.C. No. 1:10-CV-01606-REB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Charlotte Kempf[1] appeals[2] the dismissal of her civil rights complaint against the

Honorable Karla J. Hansen, a Colorado trial court judge. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

**I**

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Kempf refers to herself as "Charlotte," "Charlotte of the Kempf family," and "Charlotte d.b.a. CHARLOTTE KEMPF" and rejects the use of her surname. We will refer to her as Kempf.

[2] We construe the letter received by the district court on February 22, 2011, as a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.").

Kempf was convicted in El Paso County court of a number of traffic violations. She then sued Hansen, the judge who presided over her trial, in federal court. Hansen moved to dismiss Kempf's complaint, asserting absolute judicial immunity from civil suit. Appealing pro se,[3] Kempf repeats several arguments she asserted below, and advances a number of additional claims in her reply brief, including that she is a "sovereign citizen."

## II

"This court reviews de novo the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007). "All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." Id. A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Taking Kempf's alleged facts as true, her complaint concerns the inherently judicial function of presiding over a criminal trial. In executing this function, Judge Hansen enjoys absolute judicial immunity. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994). Absolute judicial immunity is just that—absolute. Accordingly, a judge lacks immunity only when she acts in the "clear absence of all jurisdiction over the subject-matter," Bradley v. Fischer, 80 U.S. 335, 351 (1871), or performs an act that is

---

[3] We liberally construe Kempf's filings because she proceeds pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

not "judicial" in nature, <u>Stump v. Sparkman</u>, 435 U.S. 349, 360 (1978). All the violations Kempf alleged in her complaint file in the district court were clearly "judicial" in nature; the district court properly dismissed Kempf's complaint.

With respect to the issues Kempf advances in her reply brief, they are not properly before us and we will not address them. <u>See</u> <u>Birmingham v. Experian Info. Solutions, Inc.</u>, 633 F.3d 1006, 1020 (10th Cir. 2011) ("Our general practice is to decline to address issues not raised on appeal until the reply brief."). For Kempf's benefit, however, we note that an individual's belief that her status as a "sovereign citizen" puts her beyond the jurisdiction of the courts "has no conceivable validity in American law." <u>United States v. Schneider</u>, 910 F.2d 1569, 1570 (7th Cir. 1990).

### III

We **AFFIRM** the dismissal of Kempf's complaint.

Entered for the Court

Carlos F. Lucero
Circuit Judge