BLD-279                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2394
_____

UNITED STATES OF AMERICA

v.

WALTER HIMMELREICH,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:05-cr-00214-001)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed September 21, 2012)
_____

OPINION
_____

PER CURIAM

Pro se appellant Walter Himmelreich is a federal prisoner.  Following his 2006

guilty plea to a count of producing child pornography in violation of 18 U.S.C. § 2251(b),

we affirmed his conviction and sentence. See United States v. Himmelreich, 265 F. App'x 100 (3d Cir. 2008). A collateral attack was unsuccessful. See United States v. Himmelreich, C.A. No. 10-4720 (order denying certificate of appealability entered July 21, 2011).

In March 2012, Himmelreich wrote to the District Court to request disclosure of a variety of documents, including: grand jury transcripts, FBI case notes, and the presiding District Judge's case file notes. Himmelreich explained that he was preparing a "writ of error coram nobis/vobis," which was to be based on "newly discovered impeachment evidence" that the "lead investigator in this case[] ha[d] a history of tampering with evidence." The District Court denied the motion and denied Himmelreich's request for reconsideration. He timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review for an abuse of discretion. Cf. United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993). We detect none. Himmelreich has failed to show the presence of an ongoing proceeding or a particularized need for the materials, especially those that are unreleased or otherwise privileged. See Fed. R. Crim. P. 6(e)(2)(E); Miramontez, 995 F.2d at 59. His reconsideration motion provided no basis for disturbing the District Court's judgment.[1]

---

[1] The Seventh Circuit has cautioned that these post-trial requests can implicate the jurisdiction of the District Court, as they may be impermissible second or successive collateral attacks. See United States v. Scott, 414 F.3d 815, 816–17 (7th Cir. 2005). Because Himmelreich reveals that he intends to submit his petition in the future—he "is preparing" a coram nobis application that he "will" file—we will not find that the District Court lacked jurisdiction on this ground. See id.

2

See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012). To the extent that he wishes to prepare a writ of error coram nobis, he is cautioned that such a writ cannot be used to attack his conviction while he is still "in custody." See Mendoza v. United States, No. 11-3958, ___ F.3d ___, 2012 U.S. App. LEXIS 13225, at *4–5 (3d Cir. N.J. June 28, 2012). He may *not* pursue coram nobis when other remedies, such as § 2255, remain available. United States v. Denedo, 556 U.S. 904, 911 (2009). As we explained in our order denying a certificate of appealability, he must obtain our permission if he wishes to file a second or successive collateral attack on his conviction or sentence; an inability to meet that standard does not render § 2255 relief "unavailable" for the purposes of coram nobis. United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011) (per curiam).[2]

There being no substantial question presented by this appeal, we will summarily affirm the order of the District Court. Id.; see also L.A.R. 27.4; IOP 10.6.

---

[2] Himmelreich's submissions contain the faint air of sovereign-citizen argumentation. See Mot. for Copies 1–2, ECF No. 173 (referring to the District Court as an "Article I Court"; referencing the "Incorporated United States of America"). To continue down that path would be unrewarding. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011).