J-S84006-17
J-S84007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
          :        PENNSYLVANIA
          :
       v.         :
          :
          :
ANDREW WILLIAM PANKOTAI   :
          :
     Appellant     :   Nos. 903 MDA 2017

Appeal from the Judgment of Sentence May 19, 2017
In the Court of Common Pleas of Montour County Criminal Division at
No(s):  CP-47-CR-0000063-2014

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
          :        PENNSYLVANIA
          :
       v.         :
          :
          :
ANDREW W. PANKOTAI      :
          :
     Appellant     :   No. 904 MDA 2017

Appeal from the Judgment of Sentence May 19, 2017
In the Court of Common Pleas of Montour County Criminal Division at
No(s):  CP-47-CR-0000062-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:        **FILED MARCH 21, 2018**

Appellant, Andrew William Pankotai, appeals[1] from the judgments of

---

[1] Because these two appeals present the same issue and argument, this Court hereby consolidates them *sua sponte*.  **See** Pa.R.A.P. 513 (stating, "[w]here there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

sentence entered on May 19, 2017, in the Court of Common Pleas of Montour

County. We affirm.

The trial court summarized the procedural history of these cases as

follows:

> On October 13, 2015, [Appellant] pleaded nolo contendere to Theft of Services (M-1) (18 Pa.C.S.A. §3926(a)(1)[)], Theft by Unlawful Taking (M-3) (18 Pa.C.S.A. §3921(a)[)] [at docket CR 62 of 2014], and Criminal Trespass (F-3) (18 Pa.C.S.A. §3503(a)(1)(i)[)] [at docket CR 63 of 2014]. [Appellant's] prior record score was [repeat felony offender ("RFEL")]. The standard range for the Theft of Services and Criminal Trespass was 12-18 months and for Theft by Unlawful Taking 3-6 months. On May 19, 2017, [Appellant] was sentenced for Criminal Trespass [at CR 63 of 2014] to not less than 12 months nor more than 36 months in a State Correctional Institution. [At CR 62 of 2014 h]e was sentenced to 6-24 months for the Theft of Services and 3-12 months for the Theft by Unlawful Taking, each running concurrent to the Criminal Trespass sentence [at CR 63-2014]. [Appellant's] request for reconsideration was denied without hearing.
>
> [Appellant] had been scheduled to appear for sentencing on February 3, 2016. However, he failed to appear and a bench warrant was issued that date. Nevertheless, [Appellant] filed via mail, numerous pro se (even though he had counsel), sovereign citizen motions which were denied by this court. He was eventually detained in New Mexico on the bench warrant. He was also being held on a state parole board detainer for a sentence on an earlier case. He was brought before this court on May 19, 2017, on the bench warrant for his sentencing that had been scheduled February 3, 2016. [Appellant] said he wanted to withdraw his plea. This court denied his request and sentenced [Appellant] as set for[th] above. [Appellant] appealed.

Trial Court Opinion, 7/5/17, at 1-2.[2] Appellant and the trial court complied

---

[2] On September 21, 2017, the trial court issued a second opinion pursuant to Pa.R.A.P. 1925(a), indicating that the July 5, 2017 opinion was inadvertently

- 2 -

with Pa.R.A.P. 1925. In both cases, Appellant presents the following issue for our review: "Whether the trial court erred in not granting Appellant's pre-sentence motion to withdraw his *nolo contendere* plea." Appellant's Briefs at 2.

As noted, Appellant was directed to file a Pa.R.A.P. 1925(b) statement in both cases, and in response filed statements raising the following three issues:

1. [Appellant] filed a *pro se* Motion seeking to withdraw his plea nolo contendere and going to trial in the above-referenced matter, but was not afforded a hearing on the same.

2. When [Appellant] was brought to Court on May 19, 2017, he believed that the sole issue to be addressed would be a Bench Warrant. However, [Appellant] was sentenced on that date and still not afforded a hearing on his pending *pro se* Motions challenging jurisdiction and to withdraw his plea.

3. [Appellant] sought Reconsideration of the plea withdrawal issue, but the same was denied two days later without a hearing or argument.

Statements of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925, 6/21/17, at 1.[3]

We are mindful of the principle first stated in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998): "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file

---

captioned to only case CR 62 of 2014, but should have been captioned and docketed to CR 62 **and** 63 of 2014, since it addressed both cases.

[3] The Pa.R.A.P. 1925(b) statement filed in both cases were identical.

a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309.  Appellant's issues in his Pa.R.A.P. 1925(b) statements challenge the trial court's alleged failure to provide him a hearing regarding his request to withdraw his plea.[4]  As noted above, however, Appellant's claim on appeal is that the trial court erred in failing to permit him to withdraw his guilty plea.  Appellant's Brief at 2.  This issue, therefore, was not raised in Appellant's Pa.R.A.P. 1925(b) statements.  Accordingly, we find it waived.

Even if this issue was not waived, however, we would conclude that Appellant's claim lacks merit.  With regard to the withdrawal of a plea of *nolo contendere*, this Court has stated the following:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A).  The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
>> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless

___

[4] As will be discussed, the trial court conducted a hearing at which Appellant was afforded the opportunity to present his request to withdraw his plea and the reasons supporting such request.

> withdrawal would work substantial prejudice to the Commonwealth.

> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1285, 1291–92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa. Super. 2016).

The record reflects that during the May 19, 2017 hearing, prior to sentencing, Appellant asserted his desire to withdraw his plea of *nolo contendere*. When asked why he wished to withdraw his plea, Appellant provided the following explanation:

> 'Cause I'm not guilty of the case, I'm not guilty of the crime. **If I was in a Court of record or Court of law, I would go ahead and lawfully take the charges and plead guilty to them, but we're not in a Court of law or Court of record, we are in a business for profit.** Montour County Courthouse has a Duns and Bradstreet number, two of them, actually, two suit numbers. We are an admiralty maritime Court, as you can tell the gold fringe black. We haven't had a Judge since 1776, we have Court Administrators.

> I'm just saying right now there's not full disclosure of my case and I'd like to have full disclosure. I wasn't given a full discovery of the whole case. There's three bonds I was never presented, the bid bond, the performance bond and the payment bond that you get from the GSA that starts the case out. I was never given the right to inspect the bonds, make sure my signature's on there 'cause my signature's not on there, the bonds are voided and the case is invalid.

> Also, I have no surety. I also said the Court's surety, the birth certificate has collateral. I'm a secured party creditor. I have filing in New York UCC offices and notices in Pennsylvania

- 5 -

and New Mexico. I have a hold harmless agreement indemnity bond of three hundred million dollars. I have a security -- if you'd like to look online, it's all public record -- I'm actually noticed to the DC, the FBI, CIA, the DOJ and Homeland. They all know my standing as well as the Whitehouse.

I'm not coming here to argue or disrespect the Court, I come here respectfully and honestly. I'm not a U.S. Citizen, I'm a non-citizen national. The IRS has a W-8BEN on file as a non-resident alien. I'm not part of the corporation of DC jurisdictional acts in the case here as well as the DEC. It doesn't mean I run around and do what I want, I'm under God's law, I'm under the common law. Not that sovereigns isn't a people thing, I'm not a citizen to a government but we have a right to declare nationality as part of the universal declaration of human rights signed on by Obama through United Nations.

I'm coming here 'cause I wasn't given full disclosure of the case and I'd like to review all the facts of the case and I'd like that option and that right to go ahead and do so, sir. That's a lot to take in.

N.T., 5/19/17, at 3-5 (emphasis added).

Here, Appellant appears to be alleging that he is not subject to the

jurisdiction in the Montour Court of Common Pleas, or of any other court, due

to his status as a sovereign citizen.[5] This Court has concluded these claims

_____

[5] A tenet of the sovereign citizen theory is that

when a person is born, that person's birth certificate (or Social Security card application) creates a corresponding legal fiction, or "strawman," in that person's name. This means that every person has a kind of dual personality; there is the "flesh-and-blood" person on one hand and the fictional strawman on the other. . . . [T]hey believe that only the strawman really operates in the modern commercial world (engaging in transactions, collecting debts, and contracting with others); accordingly, they believe the

lack merit. In **Commonwealth v. McGarry**, 172 A.3d 60 (Pa. Super. 2017), the appellant argued that he was a "sovereign citizen" and, therefore, was not subject to the laws of the Commonwealth of Pennsylvania. **Id.** at 66. In addressing this claim, this Court explained:

> Courts in this Commonwealth and various Federal Courts of Appeals have rejected sovereign citizen claims, identical to those raised here in a handful of unpublished decisions, as frivolous. **See, e.g., United States v. Himmelreich**, 481 Fed.Appx. 39, 40 n.2 (3d Cir. 2012) (per curiam) (citing with approval **United States v. Benabe**, 654 F.3d 753, 767 (7th Cir. 2011)); **Charlotte v. Hansen**, 433 Fed.Appx. 660, 661 (10th Cir. 2011) ("an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law."). We agree that such sovereign citizen claims are frivolous.

**Id.**

Thus, we would conclude that Appellant's claim of being a sovereign citizen, and therefore not subject to the laws of this country or commonwealth, is frivolous. **McGarry**, 172 A.3d at 66. Accordingly, Appellant has failed to demonstrate a fair and just reason to support the grant of his plea-withdrawal request. **Blango**, 150 A.3d 47.

Moreover, as our Supreme Court has stated, the bare assertion of innocence by Appellant, as made at the onset of his explanation, was

---

government has power over the strawman only, and completely lacks authority over the flesh-and blood person.

Joshua P. Weir, Sovereign Citizens: A Reasoned Response to the Madness, 19 Lewis & Clark L. Rev. 829 (2015).

insufficient to require the court to grant his request to withdraw his plea. ***Blango***, 150 A.3d at 47; N.T., 5/19/17, at 3. Indeed, Appellant immediately thereafter acknowledged his guilt and asserted that if the common pleas court had jurisdiction over him, he would accept the charges and plead guilty. N.T., 5/19/17, at 3. Thus, if we were to address the merits of Appellant's claim, we would conclude that it lacks merit. Because Appellant failed to demonstrate a fair and just reason to support a grant of his withdrawal request, we would conclude that the trial court did not abuse its discretion in denying Appellant's request.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018