J-S30037-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK DEVON LEWIS, | : | |
| | : | |
| Appellant | : | No. 1857 WDA 2017 |

Appeal from the Judgment of Sentence November 13, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001780-2017

BEFORE:   BENDER, P.J.E., STABILE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 07, 2018**

Derrick Devon Lewis (Appellant) appeals *pro se* from the November 13, 2017 judgment of sentence imposing a $200 fine and costs after he was found guilty of various summary traffic offenses.  We affirm.

On June 29, 2017, Officer Christopher Goetz was on patrol in the city of Pittsburgh when he came across a vehicle he was familiar with from a previous encounter.  N.T., 11/13/2017, at 3-4.  Officer Goetz testified that he initiated a traffic stop on the vehicle, driven by a male later identified as Appellant, after a plate check revealed an expired registration and certificate of inspection.  *Id.*  at 4.  Upon approaching the vehicle, Officer Goetz observed the rear brake light and rear turn signal were "broken out of the vehicle."  *Id.* at 6.  The officer also "noticed [that Appellant] did not have a rearview mirror affixed to the center front glass."  *Id.*  After making contact with Appellant,

_____
*Retired Senior Judge assigned to the Superior Court.

Officer Goetz asked Appellant for his driver's license, vehicle registration, and insurance card. *Id.* at 5. Appellant invoked his right to remain silent and did not provide the requested documents. *Id.* Appellant was issued traffic citations for driving an unregistered vehicle, failure to carry a license, failure to have an emissions inspection, and driving without: (1) a valid inspection; (2) rear light; (3) rear turn signal; and (4) a rearview mirror.

Following a magisterial district court hearing, Appellant was found guilty of the aforementioned offenses. Appellant timely appealed for a trial *de novo* in the Court of Common Pleas of Allegheny County. On November 13, 2017, following a hearing, the trial court found Appellant not guilty of failure to carry a license. Appellant was found guilty of the remaining offenses. This timely-filed appeal followed.[1]

On appeal, Appellant argues the trial court erred in finding him guilty of the abovementioned offenses because he is: (1) not subject to the motor vehicle code; and (2) he did not operate his vehicle on a public roadway for a commercial purpose. Appellant's Brief at 2 (unnumbered). Specifically, the entirety of Appellant's argument, verbatim, is as follows:

A. The Standard of Review. The trial court errors in finding that [Appellant] did breach the motor vehicle code. For the [C]ommonwealth failed to produce a legally binding contract that proves [Appellant] made agreement for him to be subject to the motor vehicle code during the time that the claim was filed by [Officer Goetz].

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

B. Elements of the Action. [18 U.S.C. § 31(6)] defines [m]otor vehicle as every description of [c]arriage or other contrivance propelled or drown by mechanical power and used for commercial purposes on the highways in the transportation of passengers and property, or property or cargo.

C. No Evidence of Commercial [U]sage. For [Appellant] did not use [his vehicle on a] public road for a commercial purpose.

*Id.* In response, the Commonwealth argues that Appellant's claims are waived for failure to develop an argument and cite relevant legal authority. Commonwealth's Brief at 11. Upon review, we agree.

"As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." ***Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009).

In light of the foregoing, because Appellant's argument is essentially non-existent, and he has failed to cite to relevant legal authority or citations to the record, we find his claims waived. ***See Commonwealth v. Walter***,

966 A.2d 560, 566 (Pa. 2009) (finding claims waived "for failure to develop them in any meaningful fashion capable of review").

Even if Appellant had properly preserved these issues, he would not prevail on appeal. Appellant's argument that he is not subject to the motor vehicle code is essentially a sovereign citizen claim. As correctly cited by the Commonwealth, we have repeatedly rejected this type of jurisdictional challenge.

> Courts in this Commonwealth and various Federal Courts of Appeals have rejected sovereign citizen claims, identical to those raised here in a handful of unpublished decisions, as frivolous. *See, e.g., United States v. Himmelreich*, 481 Fed. Appx. 39, 40 n.2 (3d Cir. 2012) (*per curiam*) (citing with approval *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)); *Charlotte v. Hansen*, 433 Fed. Appx. 660, 661 (10th Cir. 2011) ("an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law."). We agree that such sovereign citizen claims are frivolous.

*Commonwealth v. McGarry*, 172 A.3d 60, 65–66 (Pa. Super. 2017).

Furthermore, Appellant, who was driving a motor vehicle on a public roadway, was subject to the motor vehicle code. *See* 75 Pa.C.S. § 6308(b) ("Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's

license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.").

In light of the foregoing, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/7/2018