J-S48028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STUART KENT ZUMPFE | : | |
| | : | |
| Appellant | : | No. 3305 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 25, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002322-2018

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 09, 2019**

Stuart Kent Zumpfe ("Appellant") appeals from the judgment of sentence entered after the trial court found him guilty of nine summary offenses related to his operation of a motor vehicle.[1] Appellant's counsel ("Counsel") has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a), Driving While Operating Privilege Suspended or Revoked; § 4303(b), No Rear Headlight; § 1301(a), Driving an Unregistered Vehicle; § 1371(a), Suspended Vehicle Registration; § 1332(a), Improperly Displaying License Plate; § 3325(a), Failure to Yield to an Emergency Vehicle; § 1786(f), Operating a Vehicle Without Required Financial Responsibility; § 6308(a), Failure to Stop for Investigation by Police Officers; and 18 Pa.C.S. § 5503(a)(4), disorderly conduct.

withdrawal from representation on direct appeal. We grant Counsel's petition to withdraw and affirm the judgment of sentence.

This case arose from a traffic stop of Appellant's vehicle by Bensalem Township Police Officer Colin Broderick on March 16, 2018, and a subsequent traffic stop on the same day by Lower Southampton Police. N.T., 9/25/18, at 39–64. The Commonwealth charged Appellant with nineteen summary offenses. N.T., 9/25/18, at 6–10, 12–13. At his bench trial, Appellant refused representation by the Public Defender's Office; nevertheless, over Appellant's objection, the trial court ordered the public defender present in the courtroom to remain as standby counsel. *Id.* at 24–31. The trial proceeded. *Id.* at 35. After finding Appellant guilty of nine of the charged offenses, the trial court sentenced him to probation for ninety days, consecutively, on each of five convictions and ordered him to pay costs and fines on the remaining four convictions. *Id.* at 171–178, 193–197. This appeal followed.[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] Appellant's direct appeal process was complicated by Appellant's self-representation and his failure to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Consequently, the trial court filed a Pa.R.A.P. 1925(a) opinion finding waiver. Trial Court Opinion, 3/25/19, at 4. This Court ordered the appointment of counsel and the filing of a Rule 1925(b) statement and a new Rule 1925(a) opinion. Order, 1/11/19; Order, 4/8/19. A different public defender was appointed, and Appellant and the trial court filed Pa.R.A.P. 1925 documents. Concise Statement, 4/16/19; Supplemental Trial Court Opinion, 5/15/19.

As noted, Counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve Counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations for both appellate counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247–1248 (Pa. Super. 2015).

> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super.2007). This Court has summarized these requirements as follows:
>
>> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>
>> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> [**Woods**, 939 A.2d at 898] (citations omitted).
>
> There are also requirements as to the precise content of an **Anders** brief:
>
>> The **Anders** brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with

citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Id.** at 1248.

If we determine that appellate counsel has met the procedural and briefing obligations, it becomes our responsibility "to make an independent determination of the merits of the appeal." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (quoting **Santiago**, 978 A.2d at 358). We review the issues identified by appellate counsel in the **Anders** brief and "the record to insure no issues of arguable merit have been missed or misstated." **Id.** (quoting **Commonwealth v. Vilsaint**, 893 A.2d 753, 755 (Pa. Super. 2006)).

In this case, Counsel has satisfied the procedural directives of **Anders**. Within the petition to withdraw, Counsel averred that she conducted a conscientious review of the record and pertinent legal research. Following that review, Counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, Counsel advised Appellant that he could represent himself or that he could

retain private counsel. Appellant has not filed any additional documents with this Court.

With respect to the briefing requirements of **Santiago**, Counsel has provided a summary of the procedural history and facts. She has also set forth her conclusion that the appeal is frivolous. Based on her review of the relevant case law, Counsel reaches this conclusion because: (1) the trial court did not abuse its discretion in allowing standby counsel to remain in the courtroom; (2) Appellant is subject to the Pennsylvania Motor Vehicle Code; and (3) the Bucks County Court of Common Pleas and Bensalem Police Department had jurisdiction over Appellant. As Counsel has fulfilled the requirements of **Santiago**, we turn to the merits of Appellant's appeal.

Counsel has identified the following issues that Appellant believes entitle him to relief:

> A.    Whether the trial court violated Appellant's due process rights by ordering standby counsel to remain present in the courtroom in the event that Appellant wanted standby counsel's assistance?
>
> B.    Whether Appellant's constitutional rights were violated based on Appellant's assertion that his right to travel under the United States Constitution cannot be superseded by state law, and more specifically, the Pennsylvania Motor Vehicle Code?
>
> C.    Whether the Bucks County Court of Common Pleas and the Bensalem Township Police Department have jurisdiction over Appellant?

**Anders** Brief at 4 (full capitalization omitted).

The first question presented challenges the trial court's appointment of standby counsel[3] as a violation of Appellant's due process rights. *Anders Brief* at 14. The appointment of standby counsel is within the discretion of the trial court. *See* Pa.R.Crim.P. 121(D) ("When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice."). Regarding procedural due process:

> government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.

*Commonwealth v. McClelland*, 165 A.3d 19, 29 (Pa. Super. 2017) (quoting *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013)).

Here, the trial court accepted Appellant's waiver of counsel, then exercised its discretion to appoint standby counsel "in case [Appellant] . . . changes his mind and wants to run something" by counsel. N.T., 9/25/18, at 24–30. Furthermore, the trial court found—and the record confirms—that Appellant received notice of the charges against him and of his trial.

---

[3] "The limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* must be honored out of respect for the individual which is the lifeblood of the law even when the defendant acts to his own detriment." *Commonwealth v. Blakeney*, 108 A.3d 739, 762 (Pa. 2014) (quoting *Spotz*, 47 A.3d 63, 83 (Pa. 2012) (citing *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975))) (internal quotation marks omitted).

Supplemental Trial Court Opinion, 5/5/19, at 4–8; Notice of Arraignment, 4/26/18; N.T. (Arraignment), 5/11/18; Notice of Trial, 8/7/18; N.T. (Trial), 9/25/18, at 6–13. At the bench trial, Appellant was afforded the opportunity to be heard and a chance to defend himself before the Bucks County Court of Common Pleas, an impartial tribunal having jurisdiction over Appellant's summary offenses that occurred in Bucks County. N.T., 9/25/18, at 106, 149, 154, 178. Furthermore, standby counsel did not sit at counsel table and did not participate in Appellant's bench trial. *Id.* at 30; Supplemental Trial Court Opinion, 5/15/19, at 6. Thus, standby counsel's mere presence in the courtroom did not violate Appellant's right to self-representation. *See* *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984) ("In determining whether a defendant's [right to self-representation has] been respected, the primary focus must be on whether the defendant had a fair chance to present his case in his own way."). We discern no abuse of the trial court's discretion or violation of Appellant's constitutional rights to due process and self-representation. Thus, Appellant's first issue lacks merit.

In the second question presented, Appellant would have us agree that his constitutional right to travel is not superseded by the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §§ 101–9805. *Anders* Brief at 17. "A trial court's application of a statute is a question of law, and our standard of review is plenary. Moreover, our review is limited to determining whether the trial court

committed an error of law." ***Commonwealth v. Lewis***, 180 A.3d 786, 788 (Pa. Super. 2018) (citation omitted).

As the Commonwealth points out, Appellant does have a "right to travel." Commonwealth's Brief at 14 (citing ***Attorney General of New York v. Soto-Lopez***, 476 U.S. 898, 901–903 (1986) ("Freedom to travel throughout the United States has long been recognized as a basic right under the Constitution.")); ***see also Saenz v. Roe***, 526 U.S. 489, 500 (1999) (discussing the "right to travel" components, including the "right of a citizen of one State to enter and to leave another State"). The Commonwealth continues, "The Supreme Court also has long recognized the power of states to regulate the use of motor vehicles, including the states' requiring that individuals properly register vehicles and obtain driver's licenses." ***Id.*** at 15 (citing ***Hendrick v. State of Maryland***, 235 U.S. 610, 622 (1915)). In Pennsylvania, the Motor Vehicle Code governs the use of motor vehicles for the protection and promotion of public safety and property within the Commonwealth. ***Commonwealth v. DeFusco***, 549 A.2d 142 (Pa. Super. 1988).

When asked by Appellant, the trial court and Officer Broderick answered that only the Pennsylvania Motor Vehicle Code was at issue, not any federal law. N.T., 9/25/18, at 105, 107–109. The trial court found—and the record confirms—that Appellant is a resident of the Commonwealth of Pennsylvania, who Officer Broderick stopped on a public road in Bensalem Township, Bucks

County, Pennsylvania. Supplemental Trial Court Opinion, 5/15/19, at 9; N.T., 9/25/18, at 37–66, 130–131, Exhibits C–1 and C–2. Accordingly, Appellant's use of a motor vehicle was governed by the Motor Vehicle Code, and his right to travel within the United States was not implicated. We discern no error of law. Appellant's second issue lacks merit.

Appellant's third issue raises a challenge to the jurisdiction of the Bucks County Court of Common Pleas and the Bensalem Township Police Department. **Anders** Brief at 19. "Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review." **Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017) (quoting **In re J.A.**, 107 A.3d 799, 813 n.15 (Pa. Super. 2015 (citation omitted)). "Jurisdiction relates to the court's power to hear and decide the controversy presented. All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code pursuant to 42 Pa.C.S. § 931." **Id.** at 66 (quoting **Commonwealth v. Gross**, 101 A.3d 28, 32 (Pa. 2014) (internal citations, quotation marks, and alterations omitted)).

In Pennsylvania, "[t]here shall be one court of common pleas for each judicial district . . . having unlimited jurisdiction in all cases except as may be otherwise provided by law." Pennsylvania Const. Art. V, § 5. A court of common pleas judge has jurisdiction over summary offenses. **Commonwealth v. Dawkins**, 264 A.2d 722 (Pa. Super. 1970); **see also**

*Commonwealth v. Sodor*, 905 A.2d 502, 503 (Pa. Super. 2006) (instructing that judiciary has jurisdiction over Motor Vehicle Code violations pursuant to 42 Pa.C.S. §§ 932, 1515). Moreover, "[a]ny duly employed municipal police officer shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office anywhere within his primary jurisdiction[.]" 42 Pa.C.S. § 8952. Police officers are statutorily authorized to investigate violations of the Motor Vehicle Code:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

We note that this challenge is essentially a sovereign citizen[4] claim. This Court has repeatedly rejected this type of jurisdictional challenge:

---

[4] According to the sovereign citizen theory:

> [w]hen a person is born, that person's birth certificate (or Social Security card application) creates a corresponding legal fiction, or "strawman," in that person's name. This means that every person has a kind of dual personality; there is the "flesh-and-blood" person on one hand and the fictional strawman on the other. ... [T]hey believe that only the strawman really operates in the modern commercial world (engaging in transactions, collecting debts, and contracting with others); accordingly, they believe the government has power over the strawman only, and completely lacks authority over the flesh-and-blood person.

> Courts in this Commonwealth and various Federal Courts of Appeals have rejected sovereign citizen claims, identical to those raised here in a handful of unpublished decisions, as frivolous. ***See, e.g., United States v. Himmelreich***, 481 Fed. Appx. 39, 40 n.2 (3d Cir. 2012) (*per curiam*) (citing with approval ***United States v. Benabe***, 654 F.3d 753, 767 (7th Cir. 2011)); ***Charlotte v. Hansen***, 433 Fed. Appx. 660, 661 (10th Cir. 2011) ("an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law."). We agree that such sovereign citizen claims are frivolous.

***McGarry***, 172 A.3d at 65–66.

In this case, the summary offenses occurred in Bensalem Township, Bucks County, in the Commonwealth of Pennsylvania. Therefore, both the Bensalem Township Police Department and the Bucks County Court of Common Pleas had jurisdiction over Appellant.

Furthermore, the trial court sentenced Appellant on September 25, 2018. This constituted a final order for purposes of appeal. **See** Pa.R.A.P. 341 ("Final Orders; Generally"); 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas," subject to some exceptions). Accordingly, this Court has jurisdiction over this appeal from a final sentencing order. Appellant's claim lacks merit.

---

Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 829 (2015).

Finally, as required by **Anders**,[5] we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Counsel permission to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/19

---

[5] "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Anders**, 386 U.S. at 744.