

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# USA v. Himmelreich

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5186

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Himmelreich" (2008). *2008 Decisions.* Paper 1587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 06-5186

_____

UNITED STATES OF AMERICA

v.

WALTER HIMMELREICH,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00214)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before: SLOVITER, SMITH, and STAPLETON, Circuit Judges.

(Filed February 15, 2008)

_____

OPINION

SLOVITER, Circuit Judge.

Walter Himmelreich appeals his conviction and sentence for producing child

pornography in violation of 18 U.S.C. § 2251(b). Himmelreich argues that the search

warrant used to seize evidence from his house violated the particularity clause of the Fourth Amendment, that he was indicted in violation of the Speedy Trial Act, and that his sentence was unreasonable because the District Court failed to adequately explain its rationale for an upward variance. We will affirm.

## I.

Himmelreich was arrested on November 9, 2004, by the Delaware County District Attorney's Office Internet Crimes Against Children ("ICAC") Task Force when he arrived at the rendezvous he had arranged in Internet chats with an undercover agent posing as the mother of two prepubescent daughters. After waiving his Miranda rights, Himmelreich told the police that he had engaged in sexual contact with his six-year-old daughter, had taken nude pictures of her, and had sent such pictures to a third party. A consequent search of his house revealed images and videos of child pornography on his computer, a disk with nude pictures of his daughter, and chat conversations indicating that he had sent such pictures to a third party.

Himmelreich was charged on several counts in state court; he was thereafter indicted on June 1, 2005 in federal court, and eventually pled guilty to a single count of producing child pornography. The District Court sentenced Himmelreich to 240 months imprisonment, a term that fell between the statutory mandatory minimum of 180 months and the statutory maximum of 360 months. See 18 U.S.C. § 2251(e). Himmelreich

2

timely appealed.[1]

## II.

We exercise plenary review over a district court's denial of a motion to suppress evidence, see United States v. Zimmerman, 277 F.3d 426, 432 (3d Cir. 2002), and its application of the Speedy Trial Act, see United States v. Willaman, 437 F.3d 354, 357 (3d Cir. 2006). Because Himmelreich failed to object to the District Court's sentencing procedure, we will review that procedure for plain error. See United States v. King, 454 F.3d 187, 193-94 (3d Cir. 2006). We review the reasonableness of the sentence by considering the application of the 18 U.S.C. § 3553(a) factors to the circumstances of the case; Himmelreich retains the burden to demonstrate unreasonableness. See id. at 194 (citing United States v. Cooper, 437 F.3d 324, 329-32 (3d Cir. 2006)).

## III.

Himmelreich first challenges the particularity of the search warrant. A search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "General warrants violate the Fourth Amendment because they essentially authorize 'a general exploratory rummaging in a person's belongings.'" United States v. Yusuf, 461 F.3d 374, 393 (3d Cir. 2006) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)). "When a warrant is accompanied by an affidavit that is incorporated by reference, the affidavit may be used

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

in construing the scope of the warrant." United States v. Johnson, 690 F.2d 60, 64 (3d Cir. 1982) (citations omitted); accord Groh v. Ramirez, 540 U.S. 551, 557-58 (2004).

Here, the search warrant allowed law enforcement to search and seize any computers, computer peripherals, cameras, photos, e-mails, and chat messages at Himmelreich's residence. On the basis of that warrant, the police seized thirteen items, including three computers, three cameras, disks, and photographs. Himmelreich argues that the breadth of the warrant violated the Fourth Amendment. He also urges the court to adopt a procedure requiring law enforcement authorities to provide clear techniques and limitations for searches involving computers.

Because the search warrant focused almost exclusively on storage media and it incorporated by reference the probable cause affidavit, which recounted Himmelreich's admissions that he had conducted Internet chats regarding child pornography and taken nude pictures of his daughter, the search warrant, taken as a whole, was sufficiently particularized. Accordingly, we decline to adopt any particular procedures governing the search of computers. The warrant, which includes both the application and authorization in the same document, clearly requires the attachment of the probable cause affidavit. Himmelreich did not argue in the District Court that it was not so attached, nor does he provide such evidence now. Therefore, we decline to remand on the basis of Himmelreich's unsupported suggestion, raised for the first time in his reply brief on appeal, that the government may have failed to attach the probable cause affidavit to its search warrant.

Next, Himmelreich challenges his indictment under the Speedy Trial Act, which provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). A violation of that provision requires dismissal of the indictment. Id. § 3162(a)(1). Himmelreich contends that his June 1, 2005 federal indictment was untimely, arguing that the federal funding, technical assistance, advice, and coordination associated with ICAC task forces render his November 9, 2004 arrest and subsequent detention a federal matter for purposes of the Speedy Trial Act. Neither the facts of this case nor the precedents cited by Himmelreich support his position.

We have previously recognized that Congress rejected a transactional test under which the state-court complaints against Himmelreich would have triggered the thirty-day time period in a later federal case. See United States v. Watkins, 339 F.3d 167, 174-75 & nn.5-6 (3d Cir. 2003). In United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995), the Fourth Circuit explained that a "joint state-federal investigation" leading to a defendant's arrest and detention by state officers does not implicate the Speedy Trial Act until the defendant is taken into federal custody. Thus, even if the ICAC Task Force were considered a "joint state-federal investigation," a contention which is explicitly denied in the arresting officer's testimony, Himmelreich's initial arrest and detention did not start the clock for Speedy Trial Purposes under the reasoning of Thomas.

Finally, Himmelreich challenges the reasonableness of his sentence, which

5

represented a five-year upward variance from the advisory range under the 2003 version of the United States Sentencing Guidelines applicable here. "[W]hen the district court imposes a sentence that varies significantly from the advisory Guidelines range and a party has made objections with legal merit that the variance is unjustified by the record, the district court has an obligation to explain why the variance is justified," with explanations that "go beyond mere formalism." United States v. Kononchuk, 485 F.3d 199, 204 (3d Cir. 2007). However, as Himmelreich failed to object to his sentence at the time it was imposed, we need only engage in plain error review of whether the District Court imposed a reasonable sentence after meaningfully considering and rationally applying the § 3553(a) factors to the circumstances of this case. See King, 454 F.3d at 195 (citing Cooper, 437 F.3d at 330).

Himmelreich contends merely that the District Court gave an inadequate explanation for the variance. However, the District Court plainly explained the rationale for the sentence imposed, focusing on the seriousness of the offense, in which Himmelreich exploited his six-year-old daughter by sending nude pictures of her over the Internet, and the danger he posed to the community, as "he was a contact offender with his own child" and was attempting to engage in similar behavior at the time of his arrest. App. at 557. The District Court expressly referred to the gravity of Himmelreich's offense in light of the government's request for a statutory maximum sentence. It concluded that the mandatory minimum "goes a long way to addressing the threat that [Himmelreich] poses," but "that a sentence beyond the [statutory] minimum but

somewhat less than the [statutory] maximum penalty is appropriate in this case." App. at 558. Thus, the District Court not only gave meaningful consideration to the § 3553(a) factors, but it also explicitly considered the appropriate extent of the variance ultimately imposed. Under these circumstances, we are satisfied that the District Court did not act unreasonably in imposing a 240-month sentence of imprisonment.

## IV.

For the above-stated reasons, we will affirm the judgment of conviction and sentence.