**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3052
_____

UNITED STATES OF AMERICA

v.

WALTER HIMMELREICH,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-05-cr-00214-001)
U.S. District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2024
_____

Before:  SHWARTZ, MATEY, and SCIRICA, <u>Circuit Judges</u>.

(Filed: October 2, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Walter Himmelreich appeals both the District Court's judgment that he violated his supervised release and the resulting sentence, which imposed ten months' incarceration and continues his lifetime term of supervised release. Because there are no nonfrivolous issues warranting relief, we will affirm and grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967).

I

In 2006, Himmelreich pleaded guilty to production of child pornography and was sentenced to twenty years' imprisonment and lifetime supervised release. He began his term of supervised release in 2022, and within three months of his release, disclosed to a polygraph examiner that he used a cell phone to view nude images on the internet.[1] A search of his home and car revealed documents that indicated that Himmelreich created an email address and obtained a cell phone with access to the internet without approval of his probation officer, which violated the terms of his supervised release. Probation also learned of other violations, including that Himmelreich(1) failed to truthfully answer all inquiries by and follow the instructions of the probation officer, (2) failed to submit truthful and complete monthly reports, and (3) committed another crime, specifically making false statements to the probation office in violation of 18 U.S.C. § 1001.

Himmelreich was arrested and appeared before the District Court for a supervised release revocation hearing. The Court noted that the petition outlining the violations was

---

[1] The polygraph examination was part of his sex offender treatment program.

on defense counsel's table and both the Court and defense counsel (1) explained the charges and the nature of the proceeding, and (2) confirmed that Himmelreich understood the charges and his right to an evidentiary hearing. Himmelreich waived his right to a hearing and admitted to several of the violations.[2] The Court then recited the applicable Sentencing Guidelines range of four to ten months, heard Himmelreich's allocution and his counsel's arguments, and imposed a sentence of ten months' imprisonment and lifetime supervised release. In justifying the sentence, the Court explained that Himmelreich violated an important condition of supervised release that prohibited him from unauthorized access to internet and that this conduct warranted a sentence that would protect the public and promote deterrence.

Himmelreich appeals, and his counsel, finding no nonfrivolous arguments, moves to withdraw under Anders.

## II[3]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a) (2011). When counsel submits an Anders brief, we must determine: "(1) whether counsel

---

[2] The Government agreed not to charge Himmelreich with violating 18 U.S.C. § 1001 based on his false statements on his probation reports, but there is no evidence that the Government agreed to recommend a time-served sentence.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled his obligations, we examine his Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, Smith v. Robbins, 528 U.S. 259, 271 (2000) (citing Anders, 386 U.S. at 744); and (2) explains why the identified issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Himmelreich's counsel has satisfied her Anders obligations. Counsel correctly recognized that, because Himmelreich admitted that he violated the terms of his supervised release, his appellate issues are limited to the (1) District Court's jurisdiction, (2) voluntariness of his admission, and (3) reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why challenges to each of these issues fail. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300-

4

01, and we agree that there are no nonfrivolous issues warranting an appeal.[4]

First, the District Court had jurisdiction[5] because Himmelreich pleaded guilty to and was sentenced for violating a federal statute, see 18 U.S.C. § 2251(b), which included a term of supervised release. The District Court had the authority to revoke his supervised release pursuant to 18 U.S.C. § 3583(e).

Second, Himmelreich's admission that he violated the terms of his supervised release was counseled and voluntary.[6] Broce, 488 U.S. at 569. In the context of a revocation hearing, the voluntariness of a defendant's waiver is based on the "totality of the circumstances" and does not require "rigid or specific colloquies with the district court." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (internal quotation marks and citations omitted). The record need only show that the defendant was aware of "both the rights afforded him [] and the consequences of relinquishing those rights." Id. (internal quotation marks and citation omitted). Here, prior to Himmelreich's admission, the District Court (1) observed that Himmelreich had before him the petition that set forth the conditions he violated, the facts supporting the violations, and the request that his

---

[4] We exercise plenary review to determine whether any of the issues counsel identified are nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

[5] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[6] Because Himmelreich did not object to the plea colloquy in the District Court, we review for plain error. United States v. Goodson, 544 F.3d 529, 539 & n.9 (3d Cir. 2008). To establish plain error, a defendant must show (1) an error, (2) which was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If a party can show plain error, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

supervised release be revoked; (2) confirmed that Himmelreich understood the nature of the proceeding and that he had a right to an evidentiary hearing; and (3) reviewed the conditions that were allegedly violated. Himmelreich's counsel questioned Himmelreich about each violation and verified his decision to admit to each violation. Thus, the "totality of the circumstances" show that Himmelreich was aware of the charges against him, the "rights afforded [to] him[,] and the consequences of relinquishing those rights." Id. at 291 (internal quotation marks and citation omitted). Accordingly, his admissions were knowing and voluntary, and any argument to the contrary is frivolous.[7]

Third, Himmelreich's sentence was procedurally and substantively reasonable.[8] See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). As to procedural reasonableness, the District Court followed the three-step procedure outlined in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). The Court accurately calculated a Guidelines range of four to ten months because Himmelreich committed Grade B violations of supervised release, U.S.S.G. § 7B1.1(a)(2), and his criminal history category was I. See U.S.S.G. § 7B1.4. The ten-month sentence the District Court imposed was therefore within the Guidelines range.

---

[7] Himmelreich argues that his admissions were not voluntary because he would not have entered into the plea deal if he had first reviewed the Dispositional Report. However, because the Dispositional Report does not conflict with anything stated during the revocation hearing, Himmelreich's purported failure to review it did not affect his substantial rights. Olano, 507 U.S. at 734-35 (1993).

[8] Because Himmelreich did not object to the reasonableness of his sentence, we review any procedural challenge to his sentence for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of his sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

There were no departure motions filed and the District Court gave "rational and meaningful consideration" to the § 3553(a) factors. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)); see also 18 U.S.C. § 3583(e). The Court provided Himmelreich the opportunity to allocute and heard argument from his counsel about Himmelreich's (1) productiveness while in custody, (2) financial and medical needs, and (3) conduct while on supervised release. The Court acknowledged that, although Himmelreich made "some positive contributions during his period of incarceration and some positive adjustments as he returned to the community," by accessing the internet, he violated "one of the most important requirements of supervised release." JA 23. The Court concluded that a sentence within the Guidelines range and lifetime supervised release was therefore "necessary to protect the public and to further deter [Himmelreich] from unlawful conduct." JA 24. Thus, any argument that Himmelreich's sentence was procedurally unreasonable lacks merit.[9]

---

[9] Many of Himmelreich's pro se challenges to the procedural reasonableness of his sentence are barred by precedent. Johnson v. United States, 529 U.S. 694, 700 (2000), forecloses his constitutional challenge to the use of the preponderance of evidence standard at supervised released hearings. Himmelreich's reliance on United States v. Haymond, 588 U.S. 634 (2019), is misplaced because, in contrast to the defendant in Haymond, Himmelreich's supervised release violation did not include a new child pornography offense, and his sentence was imposed following a supervised release revocation hearing under 18 U.S.C. § 3583(e)(3), not § 3583(k). Additionally, United States v. Dees rejects Himmelreich's argument that supervised release is so similar to federal probation that it violates the Double Jeopardy Clause. 467 F.3d 847, 853 (3d Cir. 2006) (deeming this argument "without merit" as "postrevocation penalties [are attributed] to the original conviction" (internal quotation marks and citations omitted)).

His other pro se challenges also fail. First, Himmelreich raised pro se for the first time in his own reply brief, and hence failed to preserve, his argument that sentencing for a supervised release violation violates Due Process on the ground that the Federal Bureau

Finally, Himmelreich's sentence was substantively reasonable because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." Tomko, 562 F.3d at 568. First, a sentence within the Guidelines is presumptively reasonable. See United States v. Pawlowski, 27 F.4th 897, 912 (3d Cir. 2022). Second, Himmelreich's violations support a within-Guidelines sentence. His violations occurred within three months of his release from a lengthy prison term and so the sentence imposed serves to protect the public, deter similar conduct, and punish Himmelreich for his repeated breaches of the Court's trust by concealing his cellphone and accessing the internet without permission. See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006). Accordingly, any challenge to the substantive reasonableness of Himmelreich's sentence is meritless.[10]

---

of Prisons does not recognize such a violation as a continuation of the original sentence in calculating good time credit. Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 146 (3d Cir. 2017). Second, Himmelreich provides no support for his contention that a violation of supervised release is akin to an act of criminal contempt, and that such violations should therefore require a jury to find proof beyond a reasonable doubt. Third, he provides no support for his claim that supervised release violates the Separation of Powers Clause. Fourth, his claims about the Director of the Administrative Office of the Courts are unavailing as the Director plays no role in deciding whether a defendant violates his conditions of release and the punishment for such conduct. Fifth, any challenges to the sentence that resulted in his conditions of supervised release, including the lifetime term, are foreclosed by our affirmance of the entire sentence on direct appeal. United States v. Himmelreich, 265 F. App'x 100, 103-04 (3d Cir. 2008) (nonprecedential). Finally, Himmelreich's mention of the PROTECT ACT, see Protect Act, S. 151, 108th Cong. (2003), does not warrant relief because the District Court's sentence was consistent with the Guidelines and law in effect at the time of his offense conduct.

[10] To the extent Himmelreich seeks to challenge his trial conviction and sentence, he may not do so in this proceeding as this appeal is limited to the judgment that he violated his supervised release. In any event, his challenges based on the Speedy Trial Act and the effectiveness of his trial counsel have already been rejected in his first 28

## III

For the foregoing reasons, we will affirm and grant counsel's motion to withdraw.

---

U.S.C. § 2255 proceeding, <u>Himmelreich v. United States</u>, No. 1:05-cr-214, 2010 WL 4181450, at *8 (M.D. Pa. Oct. 20, 2010), and when we denied his application for a certificate of appealability, Order, <u>United States v. Himmelreich</u>, No. 10-4720 (3d Cir. July 21, 2011). To the extent that Himmelreich asserts that his supervised release counsel was ineffective, this direct appeal is not the place to do so. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003).